**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

HEATHER TYLER
      Plaintiff,

        v.                         CIVIL ACTION   No.

THE COMMONWEALTH OF
MASSACHUSETTS,
      Defendant.

**COMPLAINT FOR EQUITABLE RELIEF**

**INTRODUCTION**

In this action, the Plaintiff seeks declaratory, injunctive and any other appropriate equitable relief to vacate and/or enjoin enforcement of so much of a recent order of the Massachusetts Superior Court as violates the Plaintiff's federal rights.  The Plaintiff, a rape victim in a state criminal matter, became pregnant in 2009 at age fourteen as a result of the crime and gave birth to her attacker's child.  The Defendant in the state criminal proceeding, age twenty at the time of the impregnation, was convicted of rape in 2011 and was sentenced to sixteen years probation.  Conditions of probation include an order that he initiate proceedings in family court and comply with that court's orders until the child reaches adulthood.  The Plaintiff here seeks to enjoin enforcement of so much of the state court's order as

violates her federal rights by binding her to an unwanted sixteen-year legal relationship with her rapist.

The Plaintiff exhausted her state remedies by seeking relief in state court under M.G.L.c. 211, §3. During those proceedings, the Defendant was represented by the Attorney General.  The plaintiff's request for relief was denied by the Single Justice of the Supreme Judicial Court, and in a final judgment of that Court, issued on June 7, 2013, H.T. v. Commonwealth, SJC No. 11326, on the grounds that she lacked standing to seek judicial review and has an adequate remedy because she can participate in family court proceedings and appeal from any adverse ruling.

The Plaintiff successfully sought a stay of all proceedings in the state family court matter during the pendency of proceedings before the Supreme Judicial Court.  That stay expires on September 9, 2013. The plaintiff will seek a further stay during the pendency of federal court proceedings.

**PARTIES**

1.   The Plaintiff, Heather Tyler, is a Massachusetts resident and citizen of the United States who resides at 135 Edgehilll Road, Norwood, MA  02062.

2.   The Defendant, Commonwealth of Massachusetts, is a public entity, located at and represented in this matter by the Office of the Attorney General, One Ashburton Place, Boston, MA 02108.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (deprivation of rights) and 42 U.S.C. § 1983.  Prohibitions against state violations of rights extend to court orders, whether initiated by the court itself, *Berner v. Delahanty*, 129 F.3d 20 (1st Cir. 1997) (attorney filed §1983 action against state court criminal judge to enforce his right to wear a particular pin during court proceedings), or at the behest of a private person.  *Shelley v. Kraemer*, 334 U.S. 1, 14, (1948) (deeming "long [] established" the proposition that the actions of state courts and judicial officers in their official capacities constitute state action, even if issued on behalf of private persons); *see also Board of Education v. Barnette*, 319 U.S. 642 (1943); *Smith v. Illinois Bell Tel. Co.*, 270 U.S. 587 (1926); *New York Times Co. v. Sullivan*, 364 U.S. 254, 265 (1964).

4.    Because Plaintiffs will never enjoy formal party status in the relevant underlying state criminal proceeding, limitations on federal jurisdiction as set forth in *Rooker-Feldman* and *Younger* are inapt. *Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v Fidelity Trust Co.*, 263 U.S. 413 (1923). These doctrines only apply where there is a state court prosecution pending, or where a losing-party seeks review of a judgment entered in state court. Neither of which is at issue here.

## PLAINTIFF'S STANDING

5.   The Plaintiff is seeking equitable relief with regard to a state court order requiring a convicted rapist, whose crime resulted in the birth of a child, to initiate proceedings involving her and her child in family court and comply with that court's orders until the child reaches majority.

6.   Plaintiff has satisfied all standing requirements as she has asserted an injury in fact that is concrete, particularized and imminent; a causal connection between that injury and the conduct of the Defendant Court; and established that the judicial relief requested would redress that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

7.   The challenged order binds the Plaintiff, the non-party rape victim in the underlying state criminal proceeding, to an unwanted sixteen-year legal relationship with her attacker.

8.   The issuance of a court order restraining the Plaintiff's liberty for sixteen years causes legal injury sufficient to confer standing.

9.   The Plaintiff will suffer irreparable harm without relief from this Court because she cannot choose not to participate in said family court proceedings without risking serious consequences, including the loss of custody of her child.

10.   Even if the family court ruled in the Plaintiff's favor on issues currently in dispute, such as whether the criminal defendant

should be granted visitation rights to the Plaintiff's child, the Plaintiff will suffer harm from the constant threat of new issues arising in family court until her child reaches adulthood, including, for example, efforts by the criminal defendant to seek to modify child support orders and enforce his parental rights at the trial court level and on appeal.

11.    The Supreme Judicial Court ruled that the Plaintiff is not without a remedy because she can submit herself to the jurisdiction of the family court and appeal from any adverse ruling, however, that would require the Plaintiff to submit to the jurisdiction of the family court when jurisdiction is clearly lacking, and would expose the Plaintiff and her child to irreparable harm including the expenditure of substantial funds necessary to litigate issues related to the child's care and custody.  Even in the unlikely event the Plaintiff could obtain pro bono counsel for sixteen years, she will endure substantial impositions on her freedom, time and resources simply to participate in mandatory, protracted family court litigation.

12.    The relief sought by the Plaintiff in this action will restore or protect the Plaintiff's cognizable legal interests and rights by ensuring that she is not compelled by state action to participate in unwanted legal proceedings for sixteen years with the man who raped her.

## FACTUAL STATEMENT

13.   The Plaintiff was fourteen years-old when she became pregnant
in the fall of 2009 as a result of a rape perpetrated by then twenty
year-old Jamie Melendez.  The Plaintiff was a middle-school student
in a private Catholic school at the time.  She lived alone with her
mother after her father died several years earlier.  After the
Plaintiff's baby was born, the Plaintiff's mother was forced to quit
her job to care for the baby because her request for a state-funded
day care voucher was denied.

14.   The Plaintiff and her mother repeatedly informed state
officials that they wanted no contact with Melendez for any purpose
and that they did not want the child born of the crime to have a
relationship with Melendez.

15.   Melendez pleaded guilty to rape in September, 2011 (Norfolk
Criminal Docket No. CR200900499) and was sentenced to probation for
sixteen years.  As a condition of probation, Melendez was ordered to
initiate proceedings in family court, declare paternity as to the
child born of his crime, (paternity had already been determined in
the criminal case, via DNA testing), and comply with the family
court's orders throughout the probationary period.  The Plaintiff
and her mother were adamantly opposed to participation in family
court proceedings and repeatedly expressed this sentiment to state
officials.

16.   In early June 2012, though Melendez had not yet initiated

family court proceedings, the Plaintiff was told by state probation officials that Melendez was taking steps in family court to obtain visitation rights with her child.  In response to this information, the Plaintiff, unrepresented by counsel, went to the family court where she spoke with a clerk to inquire about the status of Melendez's request for visitation.  The family court clerk contacted criminal court officials, then told the Plaintiff that although Melendez had not yet initiated a family court case, she should file an action herself since she was already there and she had no choice since it had been "court ordered."

17.    On June 13, 2012, the family court judge (Ordonez, J.) ordered Melendez to pay child support at a rate of $110.00 per week. (Norfolk Div. Docket No. 12WO205).  Melendez had previously paid nothing for the child's care.

18.    Melendez told the family court judge that if he were required to pay child support, he wanted visitation rights with the child. (He recently offered to withdraw this demand in exchange for not being obligated to pay any child support.)  Melendez had no prior contact with the child and had expressed no interest in the child, but no Massachusetts law forbids the enforcement of visitation rights by a biological father who causes a child's birth through the crime of rape. The family court judge took the matter under advisement, advised the Plaintiff to retain counsel, and scheduled a hearing for September 4, 2012.

19.    The Plaintiff, a high school student at the time, had no money for an attorney and obtained pro bono services from undersigned counsel in July, 2012. Undersigned counsel does not practice in family court but offered to represent the plaintiff for the purpose of challenging the authority of the criminal court judge to bind the Plaintiff to an unwanted family court proceeding for sixteen years.

20.    On August 1, 2012, the Plaintiff filed a motion with the sentencing judge in the state criminal court seeing reversal of so much of the criminal defendant's probationary conditions as bound the Plaintiff to an unwanted sixteen-year family court relationship with Melendez. The Plaintiff requested that the judge, instead, require Melendez to pay the equivalent of child support as criminal restitution, as this would accomplish the criminal court's desire that Melendez pay for the consequences of his crime, and violations would be enforced by the probation department in connection with the criminal case, instead of by the Plaintiff through litigation in family court.

21.    Because the Plaintiff's motion was initially ignored by the criminal court judge, the Plaintiff filed a petition with the Single Justice of the Massachusetts Supreme Judicial Court pursuant to G.L.c.211, 3. The Plaintiff asked the Single Justice to order the criminal court judge to rule on her motion and to vacate so much of the probation order as bound the Plaintiff to an unwanted sixteen-year legal relationship with Melendez in family court.

22.   The state criminal judge subsequently issued a written decision denying the Plaintiff's request for relief.  The Single Justice then scheduled a hearing on the Plaintiff's request for substantive relief.

23.   The Attorney General submitted a brief on behalf of the state court arguing that the Plaintiff should be denied relief because she was not without a remedy in that she could submit herself to the jurisdiction of the family court and then file an appeal from any adverse ruling.

24.   Melendez filed a separate brief, through appointed counsel, arguing that the Plaintiff, as a non-party crime victim, had no standing to seek a remedy.

25.   After a hearing, the Single Justice denied the Plaintiff's petition on the grounds asserted by the Attorney General and Melendez's counsel.

26.   The Plaintiff appealed from the decision of the Single Justice and a hearing was held before the full Supreme Judicial Court on May 7, 2013.  On June 7, 2013, the full court affirmed the Single Justice's decision for essentially the reasons set forth in the decision of the Single Justice, and specifically denying the Plaintiff judicial review on the grounds that she lacks standing to assert an interest in the prosecution of another.

27.   The Plaintiff has never asserted an interest in the prosecution of Melendez as the basis for her standing to seek a

remedy.   She asserted only her personal rights to liberty and due process.

28.   The Plaintiff now files this federal action as the antithesis of an interest in the prosecution of Melendez.   The Plaintiff seeks to extricate herself from having any legal interest in, or authority over Melendez, or over the enforcement of his probationary conditions.   Through this action, the Plaintiff requests that she be liberated from a state court order that not only imposes unlawfully on her liberty for sixteen years, but also obligates her with the unwanted and inappropriate responsibility for ensuring Melendez's compliance with the conditions of his probation; an obligation that should rest exclusively with state officials.

29.   The Supreme Judicial Court ruled in its final decision that the criminal court judge has authority to enforce a family court order, however, state law is clear that only the family court has authority to enforce a family court order.   Lyon v. Lyon, 318 Mass. 646 (1945) (noting that the Superior Court has no authority to punish a criminal defendant for violating an order of the Probate and Family Court as the Probate and Family Court has exclusive authority to enforce violations of its own orders).

30.   If the challenged order is allowed to stand, the Plaintiff will suffer irreparable harm because her liberty will be restrained unlawfully by the state.

31.   If the challenged order is allowed to stand, the Plaintiff

will be forced by the state to spend substantial time and resources in unwanted litigation with the man who raped her. The burdens of such litigation will be unbearable.  The Plaintiff graduated from high school in 2013 and hopes to attend college. She should not be restrained by the coercive power of the state for sixteen years simply because she suffered the consequence of becoming pregnant as a result of rape.

32.   An estimated 35,000 babies are born from rape every year.  No state court has ever issued an order such as the one at issue here. Granting the Plaintiff's requested relief will inhibit state court judges in Massachusetts and elsewhere from similarly depriving rape victims of their liberty, personal autonomy and due process.

33.   Subjecting a rape victim to a court-ordered sixteen-year unwanted legal relationship with her attacker violates due process because it shocks the conscience.

34.   The challenged order also violates due process because it forces the Plaintiff to make an unconscionable choice between risking the loss of custody of her child if she declines to participate in family court proceedings, or subjecting herself to the authority of an unlawful court order and expending significant time and resources in family court litigation for sixteen years, if she complies.

35.   The very issuance of the challenged order violates due process because a state court judge in a criminal matter lacks authority to

restrain the liberty of a private non-party rape victim by subjecting her to an unwanted sixteen-year legal relationship with a man who raped her.

36.   The Plaintiff was also denied due process by the state because the state denied her standing to seek a remedy via judicial review. At oral argument before the Supreme Judicial Court, the Plaintiff argued the fundamental due process violation inherent in the denial of judicial review and noted the absurdity of applying such a rule in like circumstances. For example, if a sentencing judge in a state criminal matter involving the crime of home invasion and destruction of property ordered a defendant to paint the victim's home as a condition of his probation, no one would deny the victim a right to challenge such an order, including filing an appeal from any adverse ruling. When this point was directed at Melendez's counsel, he responded that the victim could "be heard" at the trial level, but she would have no standing to object or to seek judicial review and would be forced to submit to the unwanted painting of her home.  The Supreme Judicial Court did not address this issue under federal due process principles in its decision but ruled only that the victim lacked standing.

37.   The Plaintiff was further denied due process because the state has ordered her to submit to an unlawful court order as a prerequisite to judicial review.  Cf. Perlman v. United States, 247 U.S. 7, 12 – 13 (1918) (to deny review is to prevent all legal

recourse because a third party cannot be expected to risk a contempt citation in order to secure an opportunity for judicial review).

38.    The plaintiff's due process rights were also violated because denying her standing to seek a remedy is akin to the denial of a meaningful hearing.  The denial of such standing is more injurious in circumstances where, as here, the state prosecutor did not object to the challenged order at the trial court level or on appeal. Even if there had been an objection, the hearing could not have been meaningful for due process purposes because private persons who participate in the criminal justice system as victims of violence do not stand in privity with the state and the prosecutor cannot ethically advance a victim's personal legal interests.  *See generally* Gershman, B., *Prosecutorial Ethics and Victims' Rights: The Prosecutor's Duty of Neutrality*, 9 Lewis & Clark L. Rev. 559, 565 – 70 (2005).

39.    Because only females can get pregnant, failure to grant the requested relief will disproportionately harm females by undermining protection of their federal rights in state criminal proceedings.

CAUSES OF ACTION

COUNT I

LIBERTY/FOURTH AMENDMENT

40.    Plaintiff re-alleges paragraphs 1-39 and incorporates the same by reference in this count.

41.    The Defendant has a duty to interpret laws consistent with the dictates of the Fourth and Fourteenth Amendments to the United States Constitution, which guarantee Plaintiff rights against unlawful restraint on liberty and unreasonable searches and seizures and enjoyment of the privileges and immunities of citizenship.

42.    The challenged order threatens Plaintiff's rights by exposing Plaintiff to the seizure of her person by a court-ordered unwanted sixteen-year family court proceeding. As a result, Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

COUNT II

LIBERTY/PRIVACY

43.    Plaintiff re-alleges paragraphs 1-42 and incorporates the same by reference in this count.

44.    The Defendant has a duty to interpret laws consistent with the dictates of the Fourth and Fourteenth Amendments to the United States Constitution which guarantee Plaintiff a right to liberty and privacy in her person, papers, and effects.

45.    The challenged order threatens Plaintiff's liberty and privacy

rights by exposing her to a court-ordered unwanted sixteen-year family court proceeding. In doing so the defendant violates a right otherwise widely protected: "a person's general right to privacy-his right to be let alone by other people . . ."  Katz v. U.S., 389 U.S. 347, 350 (1967).  As a result, Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

COUNT III

PROCEDURAL DUE PROCESS

46.    Plaintiff re-alleges paragraphs 1-45 and incorporates the same by reference in this count.

47.    The Defendant has a duty to enforce laws consistent with the dictates of the Fifth and Fourteenth Amendment to the United States Constitution, which guarantee Plaintiff procedural Due Process of law and the enjoyment of the privileges and immunities of citizenship.

48.    The challenged order violates Due Process because the Plaintiff was denied standing to seek a remedy.  "The Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, (1985) "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Id. (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,

313 (1950)).

49.    The Plaintiff's substantive personal and federal rights, including her right to Due Process, were never addressed by the state because she was denied standing.

50.    The challenged order violates the Plaintiff's Due Process rights by exposing her to court-ordered participation in unwanted sixteen-year family court proceedings without allowing her standing to seek a remedy via judicial review or otherwise address the injury and threatened injury to her federal rights.  As a result, the Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

COUNT IV

SUBSTANTIVE DUE PROCESS/LIBERTY

51.    Plaintiff re-alleges paragraphs 1-50 and incorporates the same by reference in this count.

52.    The Defendant has a duty to enforce laws consistent with the dictates of the Fifth and Fourteenth Amendments to the United States Constitution, which guarantee the plaintiff substantive Due Process of law.

53.    The challenged order interferes with the Plaintiff's due process rights and shocks the conscience, and by its continued vitality exposes the plaintiff to additional actions and threatened actions that violate her rights and shock the conscience.

54.    The challenged order threatens the Plaintiff's substantive Due

Process rights by exposing her to unavoidable harm through the forced compliance or noncompliance with said order. As a result, the Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

## COUNT V

### FIRST AMENDMENT

55.    Plaintiff re-alleges paragraphs 1-53 and incorporates the same by reference in this count.

56.    The Defendant has a duty to enforce laws consistent with the dictates of the First Amendment to the United States Constitution, which guarantees plaintiff rights of speech and petition.

57.    The challenged order violates the Plaintiff's protected speech and petitioning rights because she was denied standing to challenge the authority of the state court to bind her to an unwanted sixteen-year legal relationship with her rapist or to otherwise seek a remedy via judicial review.

58.    As a result, the Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

## COUNT VI

### EQUAL PROTECTION

59.    Plaintiff re-alleges paragraphs 1-58 and incorporates the same by reference in this count.

60.    The Defendant has a duty to enforce laws consistent with the dictates of the Fourteenth Amendment to the United States

Constitution, which guarantees Plaintiff equal protection of the laws.

61.   The challenged order violates the Plaintiff's equal protection rights because it restrains her liberty and otherwise violates her protected rights on the basis of her sex.

56.   As a result, the Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

COUNT VII

CIVIL RIGHTS ACT-TITLE IV

62.   Plaintiff re-alleges paragraphs 1-61 and incorporates the same by reference in this count.

63.   Title IV of the Civil Rights Act of 1964 prohibits discrimination in places of public accommodation on the basis of sex.   The courts are a place of "public accommodation."

64.   The challenged order violates the Plaintiff's rights under Title IV because it discriminates against the Plaintiff on the basis of sex because it binds her to an unwanted sixteen-year legal relationship in family court based on status as a pregnant rape victim.

65.   As a result, the Plaintiff has sustained, and will continue to sustain, injury and risk of injury to such rights.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. Declare that a state criminal court judge lacks authority to bind a non-party rape victim to an unwanted sixteen-year family court proceeding with her rapist;

2. Declare the challenged order void and unlawful;

3. Enjoin enforcement of the challenged order;

4. Declare that the Supreme Judicial Court erred in ruling that the Plaintiff lacked standing to seek a remedy;

5. Declare that the Supreme Judicial Court erred in ruling that the Plaintiff can obtain an adequate remedy by submitting to the family court and appealing from any adverse ruling;

6. Any such other relief as the Court may deem just and proper.

Respectfully Submitted,

WENDY J. MURPHY

NEW ENGLAND LAW|BOSTON

Co-Director, *Women's and Children's Advocacy Project* — Center for Law and Social Responsibility

154 Stuart Street
Boston, MA  02116
(617) 422-7410
Massachusetts Bar # 550455
Wmurphy@nesl.edu