UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11988-RGS

HEATHER TYLER

v.

THE COMMONWEALTH OF MASSACHUSETTS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

November 7, 2013

STEARNS, D.J.

The plaintiff was victimized by Jamie Melendez. When plaintiff was fourteen years of age and Melendez nineteen, the two engaged in sexual relations to which the underage plaintiff could not validly consent. Plaintiff became pregnant by Melendez and gave birth to his biological child. In September of 2011, Melendez pled guilty to four counts of statutory rape in violation of Mass. Gen. Laws ch. 265, § 23. A judge of the Massachusetts Superior Court sentenced Melendez to sixteen-years probation. Among the conditions of probation imposed by the court were the requirements that Melendez acknowledge paternity of the child and abide by any child support orders issued by the Probate and Family Court.

In June of 2012, a judge of the Probate Court ordered Melendez to pay

child support. Melendez then sought visitation rights with the child. Prior to a scheduled hearing on Melendez's visitation request, plaintiff brought a motion in the Superior Court asking that the paternity condition of Melendez's sentence be vacated, arguing that it bound her to an unwanted sixteen-year relationship with her rapist. The sentencing judge denied the motion. Prior to a ruling by the Superior Court, however, plaintiff, pursuant to the Supreme Judicial Court's (SJC) emergency superintendence power, Mass. Gen. Laws ch. 211, § 3, petitioned the Single Justice to modify Melendez's sentence. She also asked that the Probate Court be enjoined from ruling on Melendez's request for visitation rights.[1] The Single Justice denied the petition, stating that plaintiff did not have standing to challenge Melendez's sentence. The Single Justice also noted that it was open to plaintiff to take an appeal in the ordinary course from any adverse ruling of the Probate Court.[2] Plaintiff responded by repairing to the federal court where she filed this lawsuit seeking the same relief she had failed to obtain in the state courts.

---

[1] The Superior Court denied plaintiff's motion to revise Melendez's sentence while her petition to the Supreme Judicial Court was pending. The Single Justice thus treated her petition as one seeking relief from the Superior Court's ruling.

[2] The Single Justice's denial of plaintiff's petition was affirmed by the full Court on a further appeal. The full Court adopted the Single Justice's decision without amendment.

Plaintiff's present action is framed under the Federal Civil Rights Act, 42 U.S.C. § 1983, naming the Commonwealth of Massachusetts, or by way of a proposed amendment, the Justices of its Superior Court, as defendant(s). Section 1983, of course, is not a separate cause of action but rather a statutory vehicle permitting a plaintiff to assert a violation of a federal right against certain state actors. The court will assume for present purposes that plaintiff has adequately pled a violation of her constitutional right to substantive due process. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most party been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."). There is, however, a fatal jurisdictional impediment to the Complaint. It is this. At the heart of our federal constitutional system is the recognition that each of the constituent States functions as a legal sovereign and, under the Eleventh Amendment's bar to the extension of the federal judicial power to suits in law or equity against the States, the federal courts owe that sovereignty the utmost respect.

A suit against a government actor in his or her official capacity is the same as a suit "against [the] entity of which [the] officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). For purposes of the Eleventh Amendment, a State, its agencies, and agency officials

acting in their official capacities are not "persons" in the meaning of section 1983, and therefore are not subject to suit in the federal courts without a State's consent (or an abrogation of State sovereignty in a particular instance by Congress). *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65-67 (1989); *Lopes v. Commonwealth*, 442 Mass. 170, 175 (2004). The Commonwealth has not consented to suit under section 1983 in its own or the federal courts. *See Woodbridge v. Worcester State Hosp.,* 384 Mass. 38, 44-45 (1981). *Cf. Commonwealth v. ELM Med. Labs., Inc.*, 33 Mass. App. Ct. 71, 76-77 (1992) (same, State Civil Rights Act). Moreover, a plaintiff may not resort to the expedient of simply naming a state official as a defendant as a means of circumventing the Eleventh Amendment. "[A] suit, although nominally aimed at an official, will be considered one against the sovereign 'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" *Muirhead v. Meacham*, 427 F.3d 14, 18 (1st Cir. 2005), quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963). *Cf. Mills v. State of Maine*, 118 F.3d 37, 54-55 (1st Cir. 1997) (an award of prospective declaratory relief has "much the same effect as a full-fledged award of damages or restitution by the federal court" and is equally barred by the Eleventh Amendment).

It is true that the Eleventh Amendment does not prevent the bringing of a suit against State officials in their official capacity when a party seeks prospective equitable relief enjoining future violations of federal law. *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). The relief sought here, however, is not prospective. The sentence complained of has been imposed and is now an historical fact.[3] *See Edelman v. Jordan*, 415 U.S. 651, 664 ("[T]he relief awarded in *Ex parte Young* was prospective only; the Attorney General of Minnesota was enjoined to conform his *future* conduct of that office to the requirement of the Fourteenth Amendment." (emphasis added)). Moreover, the *Ex Parte Young* exception on which plaintiff relies does not authorize a federal court to award injunctive relief against a State official based on a violation of state law. Thus, this court has no power to grant plaintiff's prayer, *see* Pl's Br. at 10, that it declare the Single Justice to have erred in her interpretation of State rules of standing and appellate procedure. *See Pennhurst Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 106 (1984).[4]

---

[3] No controversy exists as to a ruling of the Probate Court on Melendez's visitation rights because none has yet been entered.

[4] Outside of the habeas context, only the Supreme Court has the authority to correct federal constitutional errors committed by a States's highest court. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (the so-called *Rooker-Feldman*

Apart from the Eleventh Amendment bar, this is also a case in which *Burford* abstention would be appropriate. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The federal lawsuit as framed implicates fundamental State policies regarding the most intimate of domestic and family matters. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). The Supreme Court has held that "the abstention principles developed in *Burford* . . . might be relevant in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody. This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Ankenbrandt v. Richards*, 504 U.S. 689, 705-706 (1992) (internal quotations and citation omitted). The First Circuit has also intimated that a federal lawsuit seeking intervention in a state family court proceeding is exactly the type of case compelling consideration of *Burford* abstention. *See Dunn v. Cometa*, 238 F.3d 38, 42 (1st Cir. 2001) ("[T]he case for [*Burford*] abstention would be even stronger if the claims here could not be resolved without deciding a dispute as to family status under state law, *see Ankenbrandt*, 504 U.S. at 706, or if the relief sought would interfere

doctrine bars federal courts from exercising appellate jurisdiction over final state court judgments).

with the state courts' machinery for divorce, alimony or child custody . . . ."). *Cf. Minot v. Eckardt-Minot*, 13 F.3d 590, 594 (2d Cir. 1994) (*Burford* abstention appropriate where dispute as to custody was pending in state court).

Finally, insofar as plaintiff asks this court to enjoin the Probate Court proceedings, the *Younger* doctrine mandates against an exercise of jurisdiction. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved."). Abstention "is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance [her] federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007). Plaintiff asks this court to bar the Probate Court from, among other things, entering an alimony decree and determining the visitation rights of the biological father of the child – interests that are fundamental and uniquely reserved to the States.

It is simply not the case, as plaintiff alleges, that she has been deprived by the State of a remedy. As the Single Justice pointed out, her remedy – if one need be sought – is an appeal from any order eventually entered by the Probate

and Family Court that plaintiff believes to impinge on her rights under the United States Constitution or the Massachusetts Declaration of Rights, rights which she is free to assert in the Probate Court proceeding.

ORDER

For the foregoing reasons, defendant's motion to dismiss the Complaint is ALLOWED. The Clerk will enter judgment for defendant Commonwelath of Massachusetts and close the case.

SO ORDERED.

/s/ Richard G. Stearns

______________________________
UNITED STATES DISTRICT JUDGE